UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YANNIS PARIS,

Plaintiff,

v.

CITY OF LYNNWOOD et al.,

Defendants.

CASE NO. 2:25-cv-02305-JNW

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL IN PART

Defendants' motion to compel comes before the Court. Dkt. No. 13. It includes several requests for relief, and the Court addresses each in turn. First, Defendants move to compel pro se Plaintiff Yannis Paris to respond to their first set of discovery requests, which they served in April 2026.[1] Dkt. No. 13. Paris has neither answered nor objected to those requests, and emailing Defendants selected medical records is not a substitute for written responses. Paris also did not respond to the motion, and the Court construes that failure as a concession that the motion has merit. *See* LCR

[1] Defendants' motion lacks the meet-and-confer certification that the Local Civil Rules require, but the record shows that defense counsel offered to confer by phone before filing and Paris did not take her up on it.

7(b)(2). Accordingly, the Court will order Paris to respond to Defendants' first set of discovery.

Defendants also ask the Court to order Paris's medical providers to produce his medical records directly to them, as they have been unable to obtain the records by subpoena or through Paris. Dkt. Nos. 13 at 3, 13-1 (proposed order). But Defendants provide no legal authority for an order compelling a nonparty provider to release records outside the subpoena process. And the Court has concerns about ordering third-party medical providers to produce a pro se litigant's medical records, especially without knowing which medical records Defendants want from that provider and without identifying any limits. Thus, the Court denies the request with leave to renew.

Defendants also ask the Court to continue discovery deadlines to account for Paris's delay. The Court agrees that a continuance is warranted, but it cannot continue the discovery deadlines Defendants request without also continuing the trial. Accordingly, Defendants may renew their motion for a continuance if they also propose a new trial date that accounts for the continued discovery deadlines.

Finally, the Court reminds Paris that although he represents himself, he must follow the Federal Rules of Civil Procedure and this Court's orders, just as a party with a lawyer must. If Paris does not comply with this order, the Court may impose sanctions, including dismissal of his case.

Accordingly, Defendants' motion to compel is GRANTED IN PART. Dkt. No. 13. Paris is ORDERED to respond to Defendants' first set of discovery

within THIRTY (30) DAYS of this order. Defendants may renew the denied portions of their motion consistent with this order.

Dated this 26th day of October, 2026.

Jamal N. Whitehead
United States District Judge